UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOESHANA TAMIKA CARD,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 15-cv-05201-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br>Re: Dkt. No. 46 |

## I. INTRODUCTION

After Plaintiff Joeshana Tamika Card brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner issued a favorable decision. Card's attorney, Steven G. Rosales of the Law Offices of Lawrence D. Rohlfing, now seeks $8,300 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 46. For the following reasons, the Court **GRANTS** the motion.

## II. BACKGROUND

Card filed this case on November 13, 2015, seeking review of the Commissioner's decision pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g). ECF No. 1. On June 11, 2018, the Court granted the parties' stipulation for remand to the Social Security Administration for further proceedings. ECF No. 39. On remand, the Commissioner granted Card's application for benefits, entitling her to receive $57,722.52 in retroactive benefits and withholding 25% ($14,430.63) "in case we need to pay your lawyer." Rosales Decl. ¶ 4 & Ex. 2, ECF No. 46-2 (Notice of Award, providing Card is entitled to monthly disability benefits beginning November 2010 and showing the monthly benefit amount, with periodic adjustments for cost of living).

Pursuant to the parties' stipulation, on October 3, 2018, the Court ordered payment of

attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $3,348.92. ECF No. 45. As part of the stipulation, Rosales reserved the right to seek additional attorney's fees under 42 U.S.C. § 406(b). ECF No. 44. Card and Rosales had a representation agreement that provides for 25% of the benefits due up to the date of the decision awarding her benefits. Rosales Decl., Ex. 1, ECF No. 46-1.

Rosales filed the present motion on July 12, 2019. The Commissioner filed a statement in which he "takes no position on the reasonableness of the request." ECF No. 47. The Court has not received any response or objection from Card.

### III. LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the SSA. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the SSA is paid out of a successful claimant's past-due benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

Section 406(b) provides that whenever a court renders judgment in favor of a claimant, the court may award the claimant's counsel a reasonable attorney's fee, not to exceed 25% of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The court must review counsel's request for fees "as an independent check" to ensure that the contingency fee agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining a reasonable fee award, the district court "must respect 'the primacy of lawful attorney-client fee agreements,'" by "'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.2d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. 789 at 793, 808). A fee based on a contingent-fee agreement is unreasonable and subject to reduction "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at

808). "The attorney bears the burden of establishing that the fee sought is reasonable." *Id.* Additionally, a § 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV. DISCUSSION

The Court finds Rosales has met his burden to demonstrate that the requested fees are reasonable. Card and Rosales entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Rosales's performance was substandard. To the contrary, his representation resulted in Card receiving substantial past-due benefits. After the parties entered into a stipulation to remand this matter to the Commissioner for further proceedings, Rosales secured a decision in Card's favor in the amount of $57,722.52. Further, the fees Rosales requests are not excessively large in relation to the benefits achieved. Although Rosales is entitled to $14,430.63 under the representation agreement (25% of the back pay award), he seeks only $8,300 for 20.6 hours of work. Mot. at 3. The fees he seeks would result in an effective hourly rate of approximately $403 per hour. The Court finds this rate reasonable considering the results Rosales achieved, the amount of time he spent on the case, and his assumption of risk in agreeing to represent Card on a contingency basis. *See Crawford*, 586 F.3d at 1153 (affirming the reasonableness of the fees where the effective hourly rates were $519, $875 and $902).

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Rosales's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $8,300, payable to the Law Offices of Lawrence D. Rohlfing. Card's counsel is ordered to refund the $3,348.92 EAJA fee award to her.

**IT IS SO ORDERED.**

Dated: August 5, 2019

THOMAS S. HIXSON
United States Magistrate Judge